UNITED STATES DISTRICT COURT
for the
Middle District of Georgia

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No: 5:22-CR-00020-001 |
| Ilene Farley ) | |
| ) | USM No: 98201-509 |
| Date of Original Judgment: April 12, 2023 ) | |
| Date of Previous Amended Judgment: N/A ) | Charles Cox, Jr. |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2) (Amendment 821)

Upon motion of  ☒ the Defendant  ☐ the Director of the Bureau of Prisons  ☐ the Court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by Amendment 821 to the *United States Sentencing Guidelines*, and having considered such motion, and taking into account the Policy Statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☐ DENIED.  ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of  37  months **is reduced to**  35  .

*(Complete Parts I and II of Page 2 when motion is granted)*

On November 16, 2022, the defendant pled guilty to Bank Fraud, in violation of 18 U.S.C. § 1344(l), and Failure to Pay Over Trust Fund Taxes, in violation of 26 U.S.C. § 7202. She was sentenced to a total confinement sentence of 37 months.

On November 1, 2023, amended Sentencing Guidelines went into effect that provided a two-level reduction for "Certain Zero-Point Offenders." USSG §4C1.1(a) (Certain Zero-Point Offenders) reduces a defendant's offense level determined under Chapters Two and Three by two (2) levels if the defendant meets all of the criteria set forth at USSG §4C1.1(a)(1) – (10). When sentenced, the defendant's Total Offense Level was 21 and her guideline range was 37 to 46 months. Based upon retroactive Amendment 821, Part A to the *United States Sentencing Guidelines*, she would receive a two-level decrease for being a Certain Zero-Point Offender, her Total Offense Level would become 19, and her advisory guideline range would be 30 to 37 months.

At sentencing, and pursuant to the parties' plea agreement, the government recommended a sentence at the bottom of the guideline range. As the government noted in its response, the Court made clear that its intention was to impose a sentence greater than the sentence recommended by the government. *See* Doc. 78 at 2. However, the Court ultimately, but reluctantly, accepted the government's recommendation and imposed a 37-month sentence. After again considering the § 3553(a) factors, the Court concludes that a sentence near the top of the amended guideline range is appropriate. Thus, the Court adopts the amended guideline range of 30 to 37 months, **GRANTS** the defendant's Motion to Reduce Sentence (Doc. 77), and reduces the defendant's sentence to 35 months imprisonment on Counts One and Two, to run concurrently, for a total sentence of 35 months imprisonment. The defendant's motion to appoint counsel (Doc. 77) is **DENIED**.

Except as otherwise provided, all provisions of the judgment dated  April 12, 2023  shall remain in effect.

**IT IS SO ORDERED**.

| | |
|---|---|
| Order Date: 6/25/2024 | S/ Marc T. Treadwell |
| | *Judge's signature* |
| Effective Date: _____ | Marc T. Treadwell, U.S. District Judge |
| *(if different from order date)* | *Printed name and title* |